**YIP GIM v. NAGLE, Commissioner of Immigration.**

Circuit Court of Appeals, Ninth Circuit. November 25, 1929.

No. 5886.

Marshall B. Woodworth and Chauncey Tramutolo, both of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and Lucas E. Kilkenny, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order denying a petition for a writ of habeas corpus. The appellant sought admission to the United States as the daughter of Yip Fook, whose American citizenship is conceded. She testified, in substance, that she was born in Char Yin Village, China, March 30, 1901; that the name of her father is Yip Fook; that she has four brothers, aged 26, 25, 24, and 22, respectively; that she was married at the age of 7 to Wong Gow, a person of Chinese descent, who claimed to be an American citizen by birth; that upon her marriage she immediately went to Singapore, in the Straits Settlements, where she resided for a period of 23 years; that during the period of her residence in Singapore she neither saw nor communicated with any of her relatives; and that she never returned to China until about six days before she embarked for the United States. The testimony of the four alleged brothers may be discarded without comment. If the appellant resided at Singapore for the period of 23 years as claimed, the oldest brother was at most only 3 or 4 years of age at the time of her departure from China, and the youngest was not then born. Some of the alleged relatives testified that the appellant lived in some other village in China after her marriage until she was about 10 years of age, but this claim is entirely at variance with her own testimony, both as to the time she left China and as to the period of her residence at Singapore.

The alleged father testified, at different hearings in the past, that he had a daughter living in China, when as a matter of fact the appellant was living in Singapore, according to her own testimony. Even as late as November 20, 1926, he made an affidavit stating that he had a daughter named Yip Gim, then residing in China, whom he intended to bring to the United States. When confronted with this affidavit on the hearing before the Board of Special Inquiry, he stated that he had no intention of bringing the daughter to the United States when the affidavit was made, but that he made the affidavit in order that it might be ready for use if he should want to do so. Without further comment, we need only say that on the foregoing testimony it is not at all surprising that the immigration authorities were not satisfied that the claimed relationship existed.

It is contended, however, that the hearing before the Board of Special Inquiry was unfair because of the incompetency of the interpreter employed. This contention finds no support whatever in the record. All of the witnesses testified that they fully understood the interpreter, and their answers were responsive to the questions, clearly indicating that such was the fact. There may be a doubt as to the correct translation or meaning of a receipt taken from the possession of one of the alleged brothers during the hearing. According to the translation made by the interpreter, the paper acknowledged the receipt of the sum of approximately $1,400 *for testifying*; whereas, according to a later translation furnished by the appellant, the receipt was for something entirely different. The receipt is of doubtful import whichever translation we might accept; but inasmuch as it was not considered by the Secretary of Labor

on appeal, the translation, whether correct or otherwise, is of no consequence.

A full and careful consideration of the record convinces us that the appeal is entirely without merit, and the order of the court below is affirmed.